**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| PHILLIP WOOD, | : | |
| | : | Civil Action No. 05-1447 (RBK) |
| Plaintiff, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| LATANYA WOOD EL, et al., | : | |
| | : | |
| Defendants. | : | |

**APPEARANCES:**

    PHILLIP WOOD, Plaintiff pro se
    Ann Klein Forensic Center
    P.O. Box 7717
    West Trenton, New Jersey 08628-9699

**KUGLER**, District Judge

    Plaintiff Phillip Wood ("Wood"), a civilly-committed person[1] currently confined at the Ann Klein Forensic Center in West Trenton, New Jersey, seeks to bring this action in forma pauperis pursuant to 42 U.S.C. § 1983. Based on his affidavit of indigence with respect to recently filed applications for in forma pauperis status with this Court, the Court will grant

---

[1] It is not clear from the Complaint whether plaintiff is a person who was acquitted by reason of insanity, or who had been charged with a crime(s) but found incompetent to stand trial. For this reason, the Court will refer to plaintiff as a civilly committed person for sake of convenience. The Court's disposition of plaintiff's claim is not altered by either designation.

Wood's application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a) and order the Clerk of the Court to file the Complaint.

At this time, the Court must review the Complaint to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.  For the reasons stated below, the Court finds that the Complaint should be dismissed.

I.    BACKGROUND

The following factual allegations are taken from the Complaint and are accepted as true for purposes of this review.

Wood alleges that he has been a mental patient for 25 years. He claims that defendants, Latanya Wood El, Chief Executive Officer ("CEO") of the Ancora State Psychiatric Hospital, and John Main, CEO at the Ann Klein Forensic Center, "allowed subordinance to illegally incarcerate [plaintiff] when [he] did not meet the criteria for involuntary commitment."  (Complaint, ¶¶ 4b, 4c).  Wood further claims that the defendants departed from their legal obligations by allowing psychiatrists to involuntarily commit plaintiff to a state hospital when he did not require any psychiatric treatment.  (Compl., ¶ 6).  He seeks compensatory damages "in an amount that is fair".  (Compl., ¶ 7).

## II. STANDARDS FOR A SUA SPONTE DISMISSAL

This Court must dismiss, at the earliest practicable time, certain in forma pauperis that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2) (in forma pauperis actions).

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff. Haines v. Kerner, 404 U.S. 519, 520-21 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992). The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). The Court need not, however, credit a pro se plaintiff's "bald assertions" or "legal conclusions." Id.

A pro se complaint may be dismissed for failure to state a claim only if it appears "'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Haines, 404 U.S. at 521 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Milhouse v. Carlson, 652 F.2d 371, 373 (3d Cir. 1981). Where a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment. Denton v. Hernandez,

504 U.S. 25, 34 (1992); <u>Alston v. Parker</u>, 363 F.3d 229 (3d Cir. 2004)(complaint that satisfied notice pleading requirement that it contain short, plain statement of the claim, but lacked sufficient detail to function as a guide to discovery, was not required to be dismissed for failure to state a claim; district court should permit a curative amendment before dismissing a complaint, unless an amendment would be futile or inequitable); <u>Grayson v. Mayview State Hospital</u>, 293 F.3d 103, 108 (3d Cir. 2002) (dismissal pursuant to 28 U.S.C. § 1915(e)(2)); <u>Shane v. Fauver</u>, 213 F.3d 113, 116-17 (3d Cir. 2000) (dismissal pursuant to 42 U.S.C. § 1997e(c)(1)); <u>Urrutia v. Harrisburg County Police Dept.</u>, 91 F.3d 451, 453 (3d Cir. 1996).

### III.   <u>SECTION 1983 ACTIONS</u>

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ... .

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the

4

alleged deprivation was committed or caused by a person acting under color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

## IV.   ANALYSIS

A.   Supervisor Liability

Wood's § 1983 claim alleging unlawful involuntary confinement as against the "CEO" defendants or administrators at the state psychiatric facilities should be dismissed since supervisor liability is not cognizable in § 1983 actions.  Local government units and supervisors typically are not liable under § 1983 solely on a theory of respondeat superior.  See City of Oklahoma City v. Tuttle, 471 U.S. 808, 824 n.8 (1985).  "A defendant in a civil rights action must have personal involvement in the alleged wrongs, liability cannot be predicated solely on the operation of respondeat superior.  Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence."  Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988) (citations omitted).  Accord Robinson v. City of Pittsburgh, 120 F.3d 1286, 1293-96 (3d Cir. 1997); Baker v. Monroe Twp., 50 F.3d 1186, 1190-91 (3d Cir. 1995).

Here, it would appear that the named defendants are liable only under a theory of respondeat superior.  Wood alleges that it was psychiatrists, not the CEOs, who committed him involuntarily.

There are no factual allegations attesting to the personal involvement of these CEO defendants in plaintiff's involuntary commitment.  Therefore, the Complaint may be dismissed in its entirety, without prejudice, for failure to state a claim upon which relief may be granted.

B.   Challenge to Commitment Not Cognizable in a § 1983 Action

Although Wood seems only to request monetary damages in this action against the defendants for an illegal involuntary commitment, in actuality, he appears to challenge his commitment. Thus, his action is not cognizable under § 1983, but instead, should be raised in a habeas proceeding.

In a series of cases beginning with Preiser v. Rodriguez, 411 U.S. 475 (1973), the Supreme Court has analyzed the intersection of 42 U.S.C.§ 1983 and the federal habeas corpus statute, 28 U.S.C. § 2254.  In Preiser, state prisoners who had been deprived of good-conduct-time credits by the New York State Department of Correctional Services as a result of disciplinary proceedings brought a § 1983 action seeking injunctive relief to compel restoration of the credits, which would have resulted in their immediate release.  411 U.S. at 476.  The prisoners did not seek compensatory damages for the loss of their credits.  411 U.S. at 494.  The Court held that "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he

is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." Id. at 500.

This same analysis applies to those involuntarily committed in state mental institutions as well as to criminal prisoners. See Souder v. McGuire, 516 F.2d 820, 823 (3d Cir. 1975)("There is no question about the appropriateness of habeas corpus as a method of challenging involuntary commitment to a mental institution"); see also Buthy v. Com'r of Office of Mental Health of New York State, 818 F.2d 1046, 1051-52 (2d Cir. 1987); Greist v. Norristown State Hospital, No.CIV.A. 96-CV-8495, 1997 WL 661097 (E.D.Pa. Oct. 22, 1997). Thus, Wood can challenge the fact of his involuntary commitment, as opposed to the conditions of his confinement, only by petitioning for a writ of habeas corpus and after exhausting his state court remedies as required by 28 U.S.C. § 2254.

In Heck v. Humphrey, 512 U.S. 477 (1994), the Court addressed a corollary question to that presented in Preiser, whether a prisoner could challenge the constitutionality of his conviction in a suit for damages only under § 1983, a form of relief not available through a habeas corpus proceeding. Again, the Court rejected § 1983 as a vehicle to challenge the lawfulness of a criminal judgment.

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for

> other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.  A claim for damages bearing that relationship to a conviction or sentence that has <u>not</u> been so invalidated is not cognizable under § 1983.

512 U.S. at 486-87 (footnote omitted).  The Court further instructed district courts, in determining whether a complaint states a claim under § 1983, to evaluate whether a favorable outcome would necessarily imply the invalidity of a criminal judgment.

> Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.  But if the district court determines that the plaintiff's action, even if successful, will <u>not</u> demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

512 U.S. at 487 (footnotes omitted).  The Court further held that "a § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated."  <u>Id.</u> at 489-90.

Wood's claim for compensatory damages against the state administrators of the mental institutions where he was, and is, involuntarily committed, presents the type of claim addressed in

8

Heck; that is, a finding that Wood's current confinement is the result of an allegedly improper application of commitment criteria by the psychiatrists would necessarily imply the invalidity of his commitment.  As Wood does not contend that his involuntary commitment has been invalidated, his claim for damages has not yet accrued.

## V.   CONCLUSION

For the reasons set forth above, the Complaint must be dismissed without prejudice as premature and for failing to state a claim.  It does not appear that Plaintiff could amend the Complaint to state a claim at this time.

S/Robert B. Kugler
ROBERT B. KUGLER
United States District Judge

Dated: August 5, 2005